IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                              )       CRIMINAL ACTION NO.
     v.                     )          2:18cr99-MHT
                              )            (WO)
SEQUARRAS BISHOP        )

OPINION AND ORDER

This cause is before the court on defendant Sequarras Bishop's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for August 6, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bishop in a speedy trial. Defense counsel contends that she needs additional time to review the discovery, meet with Bishop, and prepare

for trial.   Counsel was appointed on June 4, 2018.

She represents that she received the discovery on June

14, but the following day an immediate family member

suffered a significant injury; the required medical

care has delayed her ability to review the discovery,

which is voluminous.   In addition, counsel lives

approximately two hours away from where her client is

detained, which creates logistical obstacles to

preparing for trial in a short time frame.   Finally,

Bishop has executed a written waiver of his rights

under the Speedy Trial Act, and the government does not

oppose the motion to continue.   Accordingly, a

continuance is warranted to allow Bishop's counsel the

opportunity to prepare fully and effectively for trial.

This court has a trial term available on September

4.   However, defense counsel has a capital murder trial

set on August 27, and it is not clear how long that

trial will last or whether it will conclude before

September 4.   The court is also concerned that, due to

the demands of preparing for a capital murder trial, a

continuance from August 6 to September 4 would not offer defense counsel sufficient additional time to prepare this case adequately.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue (doc. no. 24) is granted.

(2) The jury selection and trial, now set for August 6, 2018, are reset for November 5, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 27th day of June, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE